IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WILLIAM H. SMITH, et al.,**

    **Plaintiffs,**

v.                                                            CASE NO. 5:14-cv-144-RS-EMT

**JAMES M. WILLIAMS, JR., et al.,**

    **Defendants.**
_____/

## **ORDER**

    Before me are Defendants' Second Amended Motion to Dismiss or, in the Alternative, Stay the Action (Doc. 27), Plaintiffs' Response to Defendants' Second Amended Motion to Dismiss (Doc. 28), and Plaintiffs' First Amended Complaint (Doc. 4). The relief requested in Defendants' Second Amended Motion to Dismiss or, in the Alternative, Stay the Action (Doc. 27) is **GRANTED**.

    Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure require dismissal of claims "[i]f the court determines at any time that it lacks subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). In Plaintiffs' First Amended Complaint, Plaintiff alleges that the Plaintiffs and Defendant Williams entered into a joint business venture in which the parties created Florida Limited Liability Corporations. Doc. 4. According to Plaintiffs, after Plaintiffs

filed a state law case to obtain an accounting of some of the joint business ventures, Defendants fraudulently foreclosed on the joint business ventures.[1] *Id.* As a result of these fraudulent foreclosures, and Defendant Williams breach of fiduciary duty, Plaintiffs claim Defendants wrongfully divested Plaintiffs of their ownership interests in the joint venture properties. *Id.*

Under Florida law, "a member of an LLC [is not permitted] to sue individually for damages arising out of its status as a member of a company unless the damages arise from a direct harm and special injury, or if there is a separate duty owed from the defendant to the plaintiff member." *Dinuro Investments, LLC v. Camacho*, 141 So. 3d 731, 743 (Fla. Dist. Ct. App. 2014). Like the Plaintiff in *Dinuro Investments,* Plaintiffs in this case have brought a direct action against Defendants and not a derivative action. Even assuming that all of Plaintiffs allegations are true, Plaintiffs injuries are a result of the total devaluation of the joint venture businesses and are therefore an indirect harm to Plaintiffs. *See id.* at 740. Accordingly, under Florida law, Plaintiffs are required to bring a derivative action on behalf of the company, which they have failed to do. *Id.* at 743.

The Eleventh Circuit has recognized that there is "no question that a corporation is an indispensable party" in a derivative action brought by members.

---

[1] In the state law case, Defendant Williams has filed a counterclaim seeking a declaratory judgment by the state court that he committed "no wrongful actions" in relation to the LLC's. *See* Doc. 27-4.

*Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983). The Florida Limited Liability Corporations are absent indispensable parties that initially should have been joined as defendants. *Id.* at 1225. Including the Florida corporations destroys Plaintiffs claim of diversity jurisdiction.

Accordingly, the relief requested in Defendants' Second Amended Motion to Dismiss or, in the Alternative, Stay the Action (Doc. 27) is **GRANTED.** This case is **DISMISSED with prejudice**. The Clerk is directed to close this case, and to terminate all pending motions.

**ORDERED** on January 6, 2015.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**